UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

**08-CV-80295-Hurley-Hopkins**

KENYATTA L. THOMAS,

        Plaintiff,

v.

CMRE FINANCIAL SERVICES, INC.,

        Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, KENYATTA L. THOMAS, is a natural person who resides in Palm Beach County, Florida.

4. Defendant, CMRE FINANCIAL SERVICES, INC., is a business entity with its principal place of business at Suite 200, 3075 East Imperial Highway, Brea, California 92821.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties. It is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

7. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

8. Defendant left the following messages on Plaintiff's voice mail on or about the dates stated:

<u>September 13, 2007</u>
We are calling on behalf of Glades Physicians, LLC. This message is concerning an important business matter intended only for Kenyatta L. Thomas. If you are this person, please contact us at 1-800-783-9118, extension 172 and when calling please refer to reference number 5313031. If you are not this person, please disregard this message and hang up.

9. Based upon information and belief, Defendant left similar or identical messages on other occasions within one year of the filing of this complaint. (Collectively, "the telephone messages").

2

10. The messages are "communications" as defined by 15 U.S.C. §1692a(2).

11. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

12. Based upon information and belief, Defendant knew it was required to disclose its name, that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

13. Plaintiff incorporates Paragraphs 1 through 12.

14. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

15. Plaintiff incorporates Paragraphs 1 through 12.

16. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 593 (D. Ga. 1982); and Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

17. Plaintiff incorporates Paragraphs 1 through 12.

18. Defendant asserted the right to collect a debt by leaving repeated telephone messages for Plaintiff without disclosing its name, that it is a debt collector, and the purpose of its communications and by claiming the communication was important when it was not, all done when it knew it did not

4

have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT IV
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

19. Plaintiff incorporates Paragraphs 1 through 12.

20. By failing to disclose its name, that it is a debt collector, and the purpose of its communication and by claiming the matter was important when it was not, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT V
## DECLARATORY RELIEF AND PERMANENT INJUNCTION

21. Plaintiff incorporates Paragraphs 1 through 12.

22. Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendant's failure to disclose its name and failure to disclose it is a debt collector in telephone messages to consumers is in violation of the FDCPA and FCCPA.

23. Plaintiff seeks a permanent injunction prohibiting Defendant from failing to disclose its name and failing to disclose it is a debt collector in telephone messages to consumers.

WHEREFORE, Plaintiff requests that the Court enter judgment:

    a. declaring that Defendant's practices violate the FDCPA and FCCPA;

    b. permanently injoining Defendant from engaging in the violative practices;

    c. Attorney's fees, litigation expenses and costs of suit; and

    d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 20 day of March, 2008.

                        DONALD A. YARBROUGH, ESQ.
                        Attorney for Plaintiff
                        Post Office Box 11842

Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com

By: _____
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

7

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**

Kenyatta L. Thomas

**DEFENDANTS**

CMRE Financial Services, Inc.

FILED by _____ D.C.
INTAKE
MAR 21 2008
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES) **PALM BEACH**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842
FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

9:08 CV 80295 - Hurley-Hopkins

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, **PALM BEACH**, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | ☐ 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | 2 | 2 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

IVa. **1-2** days estimated (for both sides) to try entire case   15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane     ☐ 362 Pers. Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability     ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander     ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 340 Marine     ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 345 Marine Product Liability     ☐ 371 Truth in Lending B | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 350 Motor Vehicle     ☐ 380 Other Personnel Property Damage | | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability     ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS**     **B PRISONER PETITIONS** | ☐ 720 Labor Management Relations B | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting     ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor Management Reporting & Disclosure Act | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment     ☐ 530 General* | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations     ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare     ☐ 540 Mandamus & Other* | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights     ☐ 550 Civil Rights *A or B | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | | | ☒ 890 Other Statutory Actions* *A or B |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Refiled
☐ 5. Transferred from another district (specify)
☐ 6. Multidistrict Litigation
☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A ☐ UNDER F.R.C.P.23   CLASS ACTION No   DEMAND $ N/A   ☐ Check YES only if demanded in complaint   JURY DEMAND: ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See Instructions):   JUDGE _____   DOCKET NUMBER _____

DATE: March __, 2008   SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY:   Receipt No. _____   Amount: 350
Date Paid: _____   M/ifp: _____

642591